UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21625-CIV-MARTINEZ

CESAR MARTINEZ MONCADA,

      Plaintiff,

v.

KRISTI NOEM, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Cesar Martinez Moncada's Renewed Emergency Motion for Temporary Restraining Order, Immediate Administrative Stay of Removal, and Expedited Preliminary-Injunction Proceedings ("Motion") [ECF No. 9], filed on April 1, 2026. Pursuant to the Court's Order requiring expedited briefing, (*see* April 1, 2026 Order [ECF No. 12]), the Defendants filed a Response to the Motion ("Response") on April 6, 2026. The Court heard oral arguments from the parties on April 9, 2026. (*See* [ECF Nos. 13, 16]). The Court has considered the Motion, Response, oral arguments, applicable law, and record, and is otherwise fully advised. For the reasons set forth below, the Motion [ECF No. 9] is **DENIED**.

## I.    BACKGROUND

In his Complaint, Plaintiff alleges he is "a Nicaraguan national and father of a U.S. citizen child, who has resided in the United States continuously since November 2021." (Compl. 3). Plaintiff "fled from Nicaragua due to fear of persecution and torture". (*Id.*) On June 17, 2025, nearly four years after Plaintiff arrived in the United States, the Department of Homeland Security ("DHS") detained Plaintiff and for the first time, evaluated his claims of fear of persecution in Nicaragua. (*Id.* 7). On August 7, 2025, an asylum officer from U.S. Citizenship and Immigration Services conducted a

credible fear interview, finding that Plaintiff established a credible fear of persecution in Nicaragua and referring Plaintiff to removal proceedings for a complete evaluation of his asylum application. (*Id.*)

On November 12, 2025, Plaintiff filed an Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Habeas Petition") in this District, (*see* Case No. 25-cv-62285-DSL [ECF No. 1]) ("Habeas Case"), challenging Plaintiff's continued immigration detention without an individualized bond hearing as violating the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act, 5 U.S.C. § 706. (*Id.* 31). (*See also* Habeas Case, First Amended Petition [ECF No. 9]). On January 16, 2026, Judge Leibowitz granted in part Plaintiff's Habeas Petition as to Plaintiff's right to an individualized bond hearing, but denied the remainder of Plaintiff's claims without prejudice. (*See* Habeas Case, January 16, 2026 Order [ECF No. 14]). On February 3, 2026, the Immigration Court found Plaintiff ineligible for bond because the Plaintiff was ordered removed and barred from pursuing asylum in the United States, therefore he "presents an extreme risk of flight and there are no conditions of bond that would ensure [his] appearance before the court and/or for removal as required." [ECF No. 14-6].

Plaintiff's removal order was entered as a result of DHS's December 11, 2025 Motion to Pretermit Plaintiff's application for asylum, in which DHS argued that Ecuador, a partner country to the United States under an Asylum Cooperative Agreement ("ACA"), could serve as a forum for Plaintiff's asylum claims to be heard, as Plaintiff could not show that he would more likely than not be tortured or persecuted in Ecuador. (Compl. 8). On December 17, 2025, an Immigration Judge granted the Motion to Pretermit, finding that DHS provided reasonable notice to Plaintiff of its intent to effectuate his removal to Ecuador under the ACA, and Plaintiff failed to meet his burden of proof to show he will more likely than not be persecuted or tortured in Ecuador. (*See* December 17, 2025 Immigration Court Order [ECF No. 14-4]). The Immigration Court ordered Plaintiff removed from

the United States to Ecuador. (*See id.*) Plaintiff failed to appeal this final order of removal to Ecuador within the time allotted, (*see* February 3, 2026 Immigration Court Order [ECF No. 14-6]), nor did Plaintiff seek redress in the then-still-pending Habeas Case. (*See generally* Habeas Case).

Instead, Plaintiff filed the instant class-action, alleging that the Government's final rule and associated policies, including DHS and the Department of Justice's guidance documents and designations, that implement the safe third country provision in the asylum statute, 8 U.S.C. 1158(a)(2)(A), are contrary to the law and are arbitrary and capricious. (*See* Compl. 2-3). Plaintiff brings the present claims for declaratory and injunctive relief on behalf of "[a]ll noncitizens who sought or will seek asylum, withholding of removal, or CAT after November 19, 2019, and whom Defendants have sought or will seek to bar from asylum, withholding of removal, or CAT protection in removal proceedings under 8 U.S.C. § 1229a on the basis that they can be removed to a third country under an ACA pursuant to the" challenged rule, guidance, and designations. (*Id.* 5-6).

In his Motion, however, Plaintiff seeks individualized relief, asking the Court for a temporary restraining order ("TRO") "immediately prohibit[ing] Defendants from removing him to Ecuador or to any other third country under the challenged [r]ule, [g]uidance, and [d]esignations pending further order from the Court, require advance notice of any intended transfer or removal, waive bond or require only nominal security..." (Mot. 18). The individualized relief sought by Plaintiff in his Motion, despite bringing a class-action Complaint, appears to be an attempt to circumvent the orders of the Immigration Court, who ordered Plaintiff's removal to Ecuador, (*see* December 17, 2025 Immigration Court Order [ECF No. 14-4] 5), and denied his request for bond. (*See* February 3, 2026 Immigration Court Order [ECF No. 14-6] 1). While the Court is not thoroughly convinced that Plaintiff's Motion is not another habeas petition in disguise, at this stage in the proceedings the Court does not deem it sufficient to *sua sponte* dismiss Plaintiff's Complaint. Regardless, the Court denies the Motion for TRO because Plaintiff failed to meet his burden.

3

## II.    <u>LEGAL STANDARD</u>

The Court has authority to issue a TRO under Federal Rule of Civil Procedure 65. To obtain a TRO, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Preliminary injunctive relief such as a temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983); *see Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *1 (S.D. Fla. July 22, 2025) ("Although a 'showing of irreparable injury is the sine qua non of injunctive relief[,]' the movant 'bears the burden of persuasion to clearly establish all four of these prerequisites[.]" ' (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016)). "If a less drastic remedy...[i]s sufficient to redress [Plaintiff's] injury, no recourse to the additional and extraordinary relief of an injunction [i]s warranted." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010).

## III.    <u>DISCUSSION</u>

Plaintiff requests that the Defendants "be temporarily restrained from: removing Plaintiff [] from the United States to Ecuador; removing Plaintiff [] from the United States to any other third country…; and transferring Plaintiff outside the Southern District of Florida for the purpose of effectuating such removal." (Mot. 3). This request is not obviously intertwined with any of the grounds for relief in Plaintiff's Complaint, (*see generally* Compl.), but relates generally to the Plaintiff's challenge of the Government's rules and policies implementing the safe third country provision contained in the asylum statute, 8 U.S.C. § 1158(a)(2)(A), including the Department of

Justice's and Department of Homeland Security's guidance documents and designations. (*See* Compl. [ECF No. 1]). After careful review, the Court finds that the Plaintiff has not met the irreparable harm element of a temporary restraining order.

The Plaintiff has failed to show that he will be irreparably harmed if he is transferred to Ecuador, another third country, or outside the Southern District of Florida. "To demonstrate irreparable harm, a movant must show that the injury cannot be undone through monetary remedies. 'It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury.'" *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020) (Cooke, J.) (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). However, "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176 (cleaned up).

Here, the Plaintiff alleges that he "faces serious prejudice if removed" because it would "separate him from counsel, impede communication necessary to litigate this case, and likely frustrate his ability to pursue meaningful judicial review of the challenged policies as applied to him." (Mot. 4). This is mere conjecture. The Plaintiff has not proffered any evidence for his view that counsel will be unable to contact him in Ecuador, or elsewhere, or that Plaintiff would be unable to seek redress in Ecuador. Contrarily, the Defendants assert that Plaintiff is being removed to Ecuador because of the country's commitment to provide a full and fair procedure for considering the asylum and protection requests of any third country national present in the United States. (*See* Resp. 9; *see also* [ECF No. 14-4] 4). The Court cannot grant the extraordinary remedy of a temporary restraining order without proof of "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

Because the Court finds that Plaintiff has not met his burden of persuasion in regard to one of the prerequisites for injunctive relief, the Court need not address the remaining elements, as Plaintiff

5

CASE NO. 26-21625-CIV-MARTINEZ

bears the burden of persuasion on all four elements. *See U.S. v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on the suffering irreparable harm factor); *Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 724 (11th Cir. 1991) ("If any element is not proven, there is no need to address the others."); *Huete-Alvarez v. Bondi*, No. 26-CV-20991, 2026 WL 530196, at *5 (S.D. Fla. Feb. 26, 2026) ("the Court is unable to find that the petitioner is likely to succeed on the merits, therefore, the Court need not address the remaining TRO factors or the petitioner's emergency motion") (cleaned up).

## IV.   CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order, Immediate Administrative Stay of Removal, and Expedited Preliminary-Injunction Proceedings [ECF No. 6] is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this *10* day of April 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     all counsel of record

6